# Attachment

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
IN OPEN COURT
Nov. 12, 2004
CLERK
U. S. DISTRICT COURT

UNITED STATES OF AMERICA

v.    CASE NO. 6:04-cr-172-Orl-18DAB

ALBERT HERNANDEZ

## PLEA AGREEMENT

A. **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I. Perez, United States Attorney for the Middle District of Florida, and the defendant, ALBERT HERNANDEZ, and the attorney for the defendant, Michael Viogt, Esquire, mutually agree as follows:

1. **Count Pleading To**

The defendant shall enter a plea of guilty to Count Two of the First Superseding Information. Count Two charges the defendant with possession with the intent to manufacture and manufacture 100 or more marihuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii).

2. **Minimum and Maximum Penalties**

Count Two is punishable by a minimum mandatory term of 5 years imprisonment and a maximum term of 40 years imprisonment, a fine of up to $2,000,000, a term of supervised release of at least 4 years, and a special assessment of $100, said special assessment to be due on the date of sentencing.

Defendant's Initials _____

AF Approval _____
AChief Approval _____

9. **Low End**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10. **No Upward or Downward Departure - Joint Recommendation**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that in sentencing the Court not depart upward or downward from the applicable sentencing guideline range, and the United States and the defendant further agree that no such upward or downward departure would be appropriate in this case.

11. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of real and/or personal property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the

Defendant's Initials _____          4          ʌ Chief Approval 

HABEAS-EXHIBIT, PLEA AGREEMENT PAGE.

1  guideline range would be from 18 to 24 months; do you

2  understand that?

3       THE DEFENDANT: I do.

4       THE COURT: Has anybody threatened you in

5  any way to get you to enter into this plea?

6       THE DEFENDANT: No, sir.

7       THE COURT: Has anybody made any promises

8  to you other than what's set forth in your written

9  Plea Agreement?

10      THE DEFENDANT: No, sir.

11      THE COURT: Do you understand that by

12 entering into this Plea Agreement, that you're giving

13 up your right to appeal the facts that are contained

14 in the Plea Agreement?

15      THE DEFENDANT: Yes, sir.

16      THE COURT: That any appeal that you would

17 take would only be if the Court were to give you an

18 illegal sentence?

19      THE DEFENDANT: Yes, sir.

*Nov. 12, 2004*

1  wasn't ready for harvesting yet. A couple, three weeks before
2  it could've been harvested. He could've -- he made no
3  financial gain out of this whatsoever is what I'm trying to
4  tell the Court. And we thank you for your time, Judge.
5      THE COURT: Does the Government, for the Record,
6  have any objection to the implementation of a safety valve?
7      MR. CITRO: Yes, Your Honor, we do. We reviewed the
8  applicable statute. I believe the Defendant meets the first
9  four requirements, but he's failed to meet the fifth and that
10 is a full complete disclosure of relevant conduct related to
11 the offense of conviction.
12     This is an analysis of all the documents. There's
13 five-inch binder accompanying. I think, one-inch binders of
14 all the documents seized out of the various houses, including
15 some of which we believe were drug ledgers, telephone ledgers,
16 documents that indicate the bills for the two houses that are
17 being held responsible for Westbury Street were not bought in
18 his name. The bills were paid in peoples' names other than
19 his.
20     We found receipts for evidence that was used to grow
21 the marijuana that was bought from Home Depot and other
22 suppliers in other peoples' names. This statement, although a
23 valiant attempt, it just doesn't cut it. I mean, it's not,
24 it's not full, it's not complete and I can't sit here in good
25 conscience and tell the Court that he's complied with the

**MANDAMUS EXHIBIT -** SENTENCING HEARING OF JANUARY 26, 2005
FOR <u>6:04-Cr-172-Orl-18DAB</u>.

1  applicable Eleventh Circuit case law, specifically the case
2  that was issued last year, U.S. v. Johnson that says he's
3  complied with the tell-all-of-it, and I have a copy of that
4  case if the Court would like to see it.
5      MR. VOIGT: Your Honor, may I, brief rebuttal? I
6  would also point out 18 USC Section 3553(f)(1) through 5
7  applies in this case. Regarding variable number five, it
8  states but for the fact that the Defendant has no relevant,
9  useful other information to provide, or that the Government
10 was already aware of the information shall not be a precluded
11 determination by the Court that the Defendant has complied
12 with this requirement.
13     He said in his statement that the house belonged to,
14 the two houses belonged to his relatives. He took over. It
15 was for investment purposes. They lived down in Miami. He
16 set up the two houses to try and take care of the, his new
17 opportunity, you might say. He was taking care of the houses
18 so his people bought the houses for investment purposes. And
19 so obviously, to have somebody take care of the property so
20 it's maintained in decent shape for resale at the appropriate
21 time.
22     Additionally, obviously, receipts would be in the
23 other person's names because he was basically taking care of
24 the houses for them and they were paying for his expenses. In
25 turn, they would pay on the mortgage through them and then go

MANDAMUS EXHIBIT-6:04-Cr-172-Orl-18DAB  SENTENCING PROCEEDINGS, JAN. 26, 2005

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Attachment (Page 1) — Statement of Reasons

DEFENDANT: Albert Hernandez
CASE NUMBER: 6:04-CR-172-ORL-18DAB

## STATEMENT OF REASONS
(Not for Public Disclosure)

☐ THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.

OR

☒ THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES: (Use Page 3, if necessary.)

☒ **Chapter Two** of the U.S.S.G. Manual determinations by court (including changes to base offense level or specific offense characteristics): The Court determined the base offense level to be 20 based upon 476 plants.

☐ **Chapter Three** of the U.S.S.G. Manual adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

☐ **Chapter Four** of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

☐ THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.) (Use Page 3, if necessary.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level: 17
Criminal History Category: I
Imprisonment Range: _____ to 60 months
Supervised Release Range: 4 to 5 years
Fine Range: $ 5,000 to $ 2,000,000

☒ Fine waived or below the guideline range because of inability to pay.

☒ THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.

OR

☐ THE SENTENCE IS WITHIN A GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS: (Use Page 3, if necessary.)

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: _____
Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED
2007 MAR 14 A 10:55
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ALBERT HERNANDEZ,     \*

    Plaintiff,     \*

VS.     \*    CASE NO. 2:07cv-227-WKW

D. DREW, WARDEN, FPC-     \*
-MONTGOMERY (2.) JUDGE-     \*
G. KENDALL SHARP, Middle -     \*
District of Florida, and-     \*
(3) United States of America,     \*
    Defendants.

_____/

**COMPLAINT**
**WRIT FOR HABEAS CORPUS UNDER Article 1, §9, Cl 2, United-**
**-States Constitution, and Title 28 U.S.C. §1651**

COMES NOW THE PLAINTIFF, ALBERT HERNANDEZ, BY AND THROUGH HIMSELF, in Pro-Se, and exercises his right to Habeas Corpus relief under **Article 1, §9, Cl 2, United States Constitution,** and in aide of Jurisdiction, Plaintiff cites **Title 28 USC.§1651.** Plaintiff states that he is entitled to Relief of enforcement by the Defendants of an <u>illegal Contract</u>, where -the terms of said contract <u>are not the terms that the defendants have ultimately abided</u>, nor the terms that Plaintiff agreed to in exchange for his guilty Plea, and thus has resulted in the above defendants <u>illegal enforcement of same.</u>

Plaintiff is <u>in custody</u> of the Bureau of Prisons, serving a **60-Month Sentence,** pursuant to a guilty plea on November 12, 2004, to Count Two of a Superseding Indictment, at the Middle District of Florida, charging intent to manufacture more than-

(PAGE ONE)

-100--Marijuana plants, in violation of 21 U.S.C. §841(a) and (b)(1)(B)(vii). Judge G. Kendall Sharp, presided there in Case No. 6:04-Cr-172-Orl-18DAB.

## APPROPRIATENESS OF THIS WRIT

### I. Exhaustion of other Remedy, Grounds: §Fairness, Amend.5.

Plaintiff here first filed for relief by Habeas Petition, -28 U.S.C. §2255, (6:06-CV-Orl-18DAB), and the same complaint went in front of Judge G. Kendall Sharp. The government responded ONLY by saying that this petitioner, as defendant, had -Signed A WAIVER CLAUSE when he signed his plea agreement, agreeing not to appeal any sentence. However, Judge Sharp said on record, concerning the WAIVER, that the sentence could be appealed if it was illegal. -This is exactly what Plaintiff here contends. -that ANY WAIVER WAS NULL AND VOID, when the plea-agreement, in effect a contract, was signed by mutual agreement of the conditions and inducements in exchange for this defendant's guilty plea, which then those promises were in fact, -reneged and dishonored by the government. Specifically, that the government agreed not to seek an upward departure, not to oppose the low end of the guideline, and then proceeded at sentencing hearing to introduce new stipulations not agreed to in the plea agreement/contract, and ultimately convinced Judge Kendall to not only-not allow this defendant the low-end, but to go ABOVE THE GUIDELINE.

Petitioner also filed a mandamus in this case, which was summarily denied. Therefore, as the actual issue HAS NOT BEEN ADDRESSED IN ANY OTHER COURT, Plaintiff here has an -Unajudicated Liberty Interest, and this Petition should lie.

(PAGE TWO)

## STATEMENT OF CASE

**Petitioner/Plaintiff** entered into a plea agreement, which was filed in open court, November, 12, 2004. (Attached Exhibit, <u>Doc.1</u>)

Previous to entering into the plea agreement, sentencing was discussed between Plaintiff's lawyer, Mr. Voight, The Government-A.U.S.A, Mr. Citro, and it was expressly agreed upon that with the signing of the agreement and pleading guilty, that this defendant <u>Would receive a Sentence of 18-24 Months</u>. It was also agreed upon therein the language of that agreement, that although the agreement did not specifically calculate the 18-24 Month Sentence as verbally discussed, the language expressly stated that- "<u>the United States will not oppose the defendant's request to the -Court that the defendant receive a sentence at the low end of the applicable guideline range</u>"-<u>Id. at Page 4, Item #9</u>. It was also agreed by all parties that "<u>No upward or Downward departure</u>" would be recommended to the Court-<u>Id. at Page 4, Item #10</u>.

At the same plea hearing, this defendant's lawyer, Mr. Voight, discussed his plea with the Court. On <u>Page 6,-Lines 12-16</u>,of the Record Nov. 12, 2004, saying, <u>Line 14</u>: "So we're talking, hopefully within <u>the range of 18-24</u>."<u>That's what we informed him</u>". "<u>That's what the government has agreed to</u>, and our calculations appear to be correct."

The Court at **PAGE 6, <u>LINES 20-25</u>, OVER TO <u>R-PAGE 7</u>, <u>-LINES 1--3</u>**, The Court says that: "All right. So <u>under the guidelines</u>, you have an exposure of <u>up to 41 months in prison;</u>-BUT BY ENTERING THIS PLEA OF GUILTY AND TAKING RESPONSIBILITY FOR YOUR ACTIONS, IT APPEARS THAT YOUR-(R-PAGE 7, LINES 1-3)-"GUIDELINE RANGE WOULD BE FROM 18-24 MONTHS; -"DO YOU UNDERSTAND THAT?" LINE 3: THE -DEFENDANT: "<u>I DO</u>".

(PAGE THREE)

## STATEMENT OF CASE

ThE COURT continues to say-R-PAGE 7, LINES 16-18, "That any appeal that you would take would only be if the Court were to give you an illegal sentence? LINE 19: DEFENDANT: "Yes Sir".

(SEE ATTACHED EXHIBITS, R-PAGES 6-7, Hearing of Nov. -12, 2004, Judge G. Kendall Sharp.)

Thus the sentence of 18-24-MONTHS, was agreed upon with the Court, just as it was previously explained to this defendant/Plaintiff.

At the actual sentencing hearing of January 26, 2005, the Government proceeded to Argue that defendant had Not Disclosed All that he knew about this case. ON R-PAGE 6, LINES 5-6, THE COURT Asked" "DOES THE GOVERNMENT, FOR THE RECORD, HAVE ANY OBJECTION TO THE IMPLEMENTATION OF THE SAFETY VALVE? AT LINES 7-11, The Government responds: "YES, YOUR HONOR, WE DO." The Government continues to argue that this defendant failed to meet the fifth Requirement of 18 U.S.C. 3553(f)-(1) through (5), citing that defendant didn't completely disclose all relevant conduct related to the offense of the conviction. AT LINES 20-25, over to R.PAGE 7, LINES 1-4, the Government cites case law- "U.S. V. JOHNSON", -WITHOUT ACTUAL CITE REFERENCES MADE to this Case, which supposedly affects the criteria of imposing a "Safety Valve" sentence. Defendant's Counsel Objects-(R-PAGE 7, LINES- 5-12). In this way, the Government Capriciously and Arbitrarily- introduced New Conditions to The Plea Agreement, which was NOT PREVIOUSLY AGREED TO, OR CONTAINED IN THE LANGUAGE OF THE PLEA AGREEMENT, when originally signed Nov. 12, 2006. That agreement having been thoroughly discussed with the Court, and that Court accepting the plea under the stipulated conditions, of the original written agreement-and Nothing More.

(PAGE FOUR)

## STATEMENT OF CASE

In Fact, The District Court provided a "Statement of Reasons", which was given to this Defendant/Plaintiff's lawyer, who then gave it to this defendant the day after the Jaunuary 26,2005 sentencing hearing, and which contained a Statement by The Court, and that box on the form <u>is checked</u> and reads: <u>THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24-MONTHS</u>, AND <u>THE COURT FINDS NO REASON TO DEPART</u>". The Judge entered this Judgement on the Record, it is <u>CERTIFIED BY THE CLERK AS TRUE</u>, bearing the seal of <u>SHERYL L. LOESCH,CLERK</u>, and additionally, <u>IT BEARS THE SIGNATURE OF JUDGE G. KENDALL -SHARP.</u>

   (SEE EXHIBIT-<u>DOC. 2.</u>, "Statement of Reasons" Jan. 26,27, -2005, signed by Clerk and Judge Kendall).

<u>COMPLAINT:</u> AT A SUBSEQUENT HEARING, THE DISTRICT COURT, AFTER ACCEPTING THE PLEA AGREEMENT AS STIPULATED TO BY ALL PARTIES, <u>ALLOWED THE GOVERNMENT TO CONSTRUCTIVELY AMEND THE ORIGINAL AGREEMENT</u>, VERBALLY ADDING OTHER CONDITIONS NOT CONTAINED IN THE ORIGINAL AGREEMENT, THUS ACTED, AND THEN <u>SENTENCED DEFENDANT/PLAINTIFF TO 60-MONTHS IN PRISON</u>, after first telling him that the guideline was <u>41-Months</u>, but that by entering into this plea of Guilty, and taking responsibility for your action, it appears that your guideline range would be from <u>18-24 Months</u>". (SEE <u>R-PAGE 6,7</u>, NOVEMBER 12, 2004.)

   IN IMPOSING A SENTENCE NOT AGREED TO BY THE PARTIES, AFTER ALSO AGREEING AND ASKING ON THE RECORD IF THE DEFENDANT EXPRESSLY UNDERSTOOD THAT A SENTENCE OF 18-24 MONTHS WOULD BE IMPOSED, AS PER THAT AGREEMENT, THE COURT CLEARLY MISLED DEFENDANT/PLAINTIFF AS SHOWN BY THE RECORD, AND ALSO PROCEEDED TO PROVIDE CERTIFIED COPY OF SATEMENT OF REASONS, AND ALLOWED GOVERNMENT TO AMEND THE AGREEMENT, AMOUNTING TO AN ILLEGAL SENTENCE BY VIOLATING

   ITEM #9, - After Agreeing Not to Oppose a low-end Sentence.

(PAGE FIVE)

## SUMMARY OF ARGUMENT

After entering into a written and verbal agreement with the Government to a plea bargain that would allow between **18-24 Month** Sentence, which was agreed to by ALL PARTIES in presence of Defendant-Plaintiff's defense counsel, The District Court assured defendant <u>on the Record</u> that the most time under the guidline that he could receive was <u>**41-Months-**</u>(Page 6, <u>LIne 20-25</u>). Then clearly stated: "But by entering this plea of Guilty and taking Responsibility..."Guideline Range would be <u>**18-24 Months.**</u>" The Court then asked defendant if he understood that, the defendant said -"<u>Yes</u>" -<u>and The Court Accepted the Plea and Agreement.</u>

-The District Court then allowed the Government to Object contrary to the written plea agreement where it states: <u>"The United States will Not Oppose defendant's request to the Court that the defendant receive a sentence at the LOW END OF THE APPLICABLE GUIDELINE"</u>-(<u>Id.</u> at Page 4, Item #9, Plea Agreement). THe Court then effectively **Permitted** the Prosecution to AMEND AND DISHONOR THE PLEA AGREEMENT, resulting in an Illegal Sentence of 60 Months instead of the 18-24 Months Sentence agreed to ON THE RECORD. The sentence is therefore Unconstitutional, as <u>UNFAIR.</u>

Plaintiff sues for his Original Agreement to receive the Sentence of 18-24 Months as Promised by the Government and The Court. <u>THE DISTRICT COURT CLEARLY ABUSED IT'S DISCRETION.</u>

THE CURRENT SENTENCE OF 60-MONTHS IS AN ILLEGAL COLLUSION TO -IMPAIR THE CONTRACT BY THE DEFENDANTS, THE PLEA AGREEMENT IS A CONTRACT PROTECTED BY <u>THE U.S. CONSTITUTION</u>, and Plaintiff's - ARGUMENT IS SUSTAINED BY <u>SANTOBELLO V. NEW YORK</u>, 404 U.S. 257,30 L.Ed -2d 497,92 S Ct. 495,(1971).

(PAGE SIX)

## ARGUMENT

PETITIONER ENTERED INTO AN CONTRACT-AGREEMENT, where <u>ALL-PARTIES</u>, Including the District Court,(which improperly became involved in the contract), that pursuant to the conditions agreed upon in <u>the written contract</u>, that this (then defendant) would-<u>plead guilty in exchange for an 18-24 Month Sentence</u>, as stated on <u>The record</u>.

The District Court then <u>entering a "Statement of reasons" on the record</u>, and certified true by the Clerk. The actual written part of the plea-agreement/contract, states that: <u>"No upward or downward departure"</u> would be recommended by the Government at Sentencing. That Court then asking for the record if Plaintiff-(then defendant) understood that he would be receiving the 18--24 Month sentence in exchange for his plea, where he then replied that <u>"Yes"</u>, he did understand that this was the sentence agreed upon:

> "Under appropriate circumstances, <u>constitutional-right to enforcement of plea proposals</u> may arise before any technical-"contract" has been formed, an <u>on basis alone of expectations reasonably formed in reliance upon honor of Government making and abiding by it's proposals</u>" -U.S.C.A. CONST AMENDS,5,6,14.
> (Emphasis Added)
> <u>COOOPER V. UNITED STATES</u>,594 F 2d 12,(1979), (4th Cir)

The Government was then allowed by the District Court to <u>Object contrary to the Government's written clause of the plea agreement</u>. The Arbitrary and <u>capricious</u> objection, which was <u>breach of contract</u>, - thus caused the District Court to sentence this then defendant, as per the Government's Objection, to <u>UPWARD OF THE GUIDELINE</u>, unltimately receiving a <u>60-Month</u> sentence, <u>where the guidline carried a 41-Month Sentence, and this defendant and all parties agreed on the record that the-</u>

(PAGE SEVEN)

ARGUMENT,CON'T

--<u>actual sentence</u> that this defendant would receive, would be <u>18-24</u> Months.

The Supreme Court, in like circumstances to the instant-complaint, held that:

> "The disposition of criminal charges by agreement between the prosecutor and the accused, and the adjudicative element inherent in accepting a plea of guilty, <u>must be attended by safeguards to ensure the defendant what is reasonably due in the</u> circumstances; while those circumstances will vary, nevertheless a constant factor is that <u>when a plea rests on any significant degree on a promise or agreement of the prosecutor</u>, so that it can be said to be <u>a part of the inducement or consideration,</u> -SUCH PROMISE MUST BE FULFILLED".
> <u>SANTOBELLO V. NEW YORK</u>, 404 U.S. 257, 30 L. Ed 2d 497, 92 S Ct. 495 (1971)

(Emphasis Added)

It should be noted that this then defendant's defense counsel stated on the record regarding the actual sentence that was the inducement for the guilty plea, (18-24 Months), that: "THAT'S WHAT THE GOVERNMENT AGREED TO", (SEE <u>R-PAGE 6-at LINE -14</u>).

The plain fact here, is that the <u>18-24</u> Months was exactly what was unequivocally agreed to by all parties, period.

> "Where a criminal defendant, through his counsel, is <b>offered a specific plea bargaining-proposal</b>, which is unambiguous and not unreasonable on it's face, <u>constitutional fairness requires that offer be fulfulled</u>,if, within reasonable time, <u>defendant unequivocally communicates his assent to it...</u>"
> <u>Id. COOPER</u>, <u>supra</u>, Headnote 6. Criminal Law 273.1(2)

Similarly held: <u>Geisser v. United States</u>, 513 F.2d 862, (5th cir.1975)

(PAGE EIGHT)

ARGUMENT, CON'T

Finally here, <u>Any Waiver</u> by then defendant, was <u>null and-void,</u> as it was signed with the understanding of <u>receiving a 18-24</u>-Month Sentence, and the Government untimately reneged on that agreement in **bad Faith**.

Plaintiff is **ENTITLED to the terms of the contract by which he exchanged his plea,** and would not have pled guilty other--wise, and <u>SANTOBELLO V. NEW YORK</u>, and <u>COOPER V. UNITED STATES -supra,</u> sustain this Constitutional argument here.

### RELIEF

Plaintiff moves that the Government must be made to address- the complaint on it's merits. That **Judge G. Kendall Sharp appear and defend the court's impropriety in becoming involved with the plea agreement, and then condoning the Government's Bad-Faith of reneging on it's contract with the Plaintiff.**

Plaintiff asserts that he is <u>ultimately entitled to the terms agreed upon,</u> and that Judge Sharp should rightfully (re)-sentence this defendant/Plaintiff, and that the Warden, D.Drew, has no right to enforce an illegal contract/plea agreement.

### IN CONCLUSION

In conclusion, your Plaintiff is entitled to relief, and respectfully moves in this Court for order to defendants, to answer claim on it's merits.

RESPECTFULLY SUBMITTED,

THIS /2 DAY OF MARCH, 2007,

By-

/s/ *[signature]*
ALBERT HERNANDEZ, PLAINTIFF, Pro-Se

(PAGE NINE)

## PROOF OF SERVICE

I, Albert Hernandez, petitioner/plaintiff in the foregoing civil-action, Writ of Habeas Corpus, 28 U.S.C. §1651, do hereby certify, swear and affirm that I have caused true copy of same to be placed in the mailbox of this Institution, correct U.S. Postage Paid, and addressed for Service upon the following parties:

D.DREW, WARDEN,
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, AL., 36112


District Court Judge, G. Kendall Sharp
80 North Hughey Avenue
Orlando, Florida, 32801

A.U.S.A Vincent Citro, Esquire
UNITED STATES ATTORNEY'S OFFICE
FOR THE MIDDLE DISTRICT OF FLORIDA
80 N. HUGHEY AVENUE
ORLANDO, FL., 32801

SO SWORN BY TITLE 28, U.S.C., §1746, AND-
-DONE, THIS __12__ DAY OF __MARCH__ 2006

BY-
/s/ _Albert Hernandez_
ALBERT HERNANDEZ, PLAINTIFF, PRO-SE
#25789-018, MOBILE-B
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112


(PAGE TEN)

ALBERT HERNANDEZ, PRO-SE
#25789-048, MOBILE-B
FEDERAL PRISON CAMP, MAXWELL A.F.B.
MONTGOMERY, AL., 36112

TO: CLERK'S OFFICE
U.S. DISTRICT COURT
ONE CHURCH STREET
MONTGOMERY, AL.,
36104