IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

ALBERT HERNANDEZ,
   Plaintiff,

V.          Case No. 2:07-227-WKW
            (WO)
D.DREW, WARDEN. Et.Al.
   Respondents.

**OBJECTIONS TO RECOMMENDATION OF THE MAGISTRATE JUDGE**

 **COMES NOW THE PLAINTIFF,** ALBERT HERNANDEZ, appearing in PRO--SE, and makes Objections to The Recommendation of The Magistrate Judge's opinion of **April 4th, 2007, and as follows:**

**ALL WRITS ACT,** 28 U.S.C. §1651.

 The Magistrate has cited that **U.S.C. §1651 ALL WRITS ACT,** is inappropriate in Plaintiff's circumstance to challenge his Issue of "Breach of Contract", where the Government, then the District Court clearly promised Plaintiff a certain sentence, otherwise **promised in writing not to oppose the low-end of the applicable sentencing guideline** in exchange for this defendant's plea, and where he would not have otherwise pled, Reiterated the terms of agreement on RECORD, then Reneged in BAD FAITH.

 As acknowledged by The Magistrate, Plaintiff previously filed a 28 U.S.C. §2255 concerning his sentencing Issues. Although he failed to Appeal The Distict Court for The Middle District of Florida's denial, the Instant Writ should not be barred, as it is brought on other grounds than the previous §2255 Petition. Specifically that Plea Agreements are held to the same legal-

**(PAGE ONE)**

--Principals as any other civil, even business contracts.

Plaintiff asserts that The Supreme Court has recognized Plaintiff's Issue here, in previous rulings and Plaintiff's position is sustained by that Court in **SANTOBELLO V. NEW YORK, 404 U.S. 257, 30 L. Ed 2d 497, 92 S Ct. 495,(1971),** where it was held that-".... that **when a plea rests on any significant degree on a promise or agreement of the prosecutor, so it can be said to be a part of the inducement or consideration, such promise must be fulfilled**".

Plaintiff has No other meaningful remedy to acheive or force The Government and The District Court to acknowledge the transgression of the contract, other than **very personal lawsuits,** and as Plaintiff would like to avoid that extreme remedy, if possible, he submits that his circumstance is **"truly extraordinary"** for the purposes warranting use of The ALL WRIT'S Act, and as the Magistrate cited in **Pennysylvannia Bureau of Correction v. U.S. Marshal Service, 474 U.S. 34,40,(1985),"[It] -is a residual source of Authority to issue writs not otherwise covered by statute".** Plaintiff claims his issue here is not otherwise covered by Statute, and that All Writs Act is controlling in the instant issue circumstance at bar.

ON THE ABOVE PREMISES CONSIDERED, YOUR PLAINTIFF OBJECTS TO THE RECOMMENDATION OF "DISMISSAL WITH PREJUDICE", that **28 U.S.C.** is appropriate here, and that the defendants should address Plaintiff's Issue.

Resspectfully Submitted,

THIS /4 DAY OF APRIL, 2007,

(PAGE TWO).

ALBERT HERNANDEZ, PLAINTIFF



CLERK'S OFFICE
U.S. DISTRICT COURT
ONE CHURCH STREET
MONTGOMERY, ALABAMA, 36112

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALBERT HERNANDEZ | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-227-WKW (WO) |
| D. DREW, WARDEN, *et al.*, | * | |
| Respondents. | * | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Petitioner's *pro se* application for habeas corpus relief filed under the provisions of 28 U.S.C. § 1651. He requests relief from the sentence he is currently serving arguing that it was imposed in violation of the terms that he agreed to in exchange for his guilty plea to a drug charge. Upon review of the application, the court concludes that the petition is due to be denied and dismissed.

### I. DISCUSSION

Petitioner is currently incarcerated at the Maxwell Federal Prison Camp located in Montgomery, Alabama, where he is currently serving a term of 60 months of imprisonment. Petitioner is incarcerated on his conviction for possession with intent to manufacture and manufacturing of marijuana plants entered against him by the United States District Court

for the Middle District of Florida[1] It is matters related to this conviction and sentence which Petitioner seeks to challenge in the instant application for habeas corpus relief.

In filing this action, Petitioner maintains that his current sentence is illegal because, as per the terms in the written plea agreement, his agreement to waive his right to appeal his sentence directly or collaterally is null and void where the inducements given in exchange for his guilty plea were "reneged and dishonored by the government." Specifically, Petitioner maintains that at his sentencing hearing the government introduced new stipulations not previously agreed to by him and/or contained in the plea agreement which ultimately convinced the sentencing judge to sentence him above the guideline range. Petitioner, therefore, maintains that his current sentence is illegal and files this habeas application seeking enforcement of the 18-24 months sentence as promised by the government and the trial court in the original written plea agreement. (Doc. No. 1.)

Petitioner seeks to proceed with this request for habeas corpus relief pursuant to the provisions of the All Writs Act, 28 U.S.C. § 1651. The All Writs Act provides, in pertinent part, that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Pennsylvania Bureau of Correction v. U.S. Marshals Service,*

---

[1] On November 12, 2004 Petitioner entered into a written agreement wherein, among other matters, he agreed to enter a plea of guilty to count two of a four count indictment which charged him with possession with intent to manufacture and manufacturing of marijuana plants. The trial court held a hearing on the plea, accepted it, and thereafter entered judgment against Petitioner for this offense on January 27, 2005. Petitioner did not appeal his conviction. *See United States v. Hernandez,* 2:04-CR-172-Orl-18DAB, *available at* https://ecf.flmd.uscourts.gov.

2

474 U.S. 34, 40 (1985). "[It] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id.* at 43. "The Act does not create any substantive federal jurisdiction," but rather, it is only "a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099-1100 (11th Cir. 2004). Furthermore, this source of federal court power must only be used in "extraordinary circumstances." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

A review of the allegations contained in the instant action reflect that Petitioner wishes to challenge the constitutionality of his 2005 judgment on a drug charge imposed upon him by the United States District Court for the Middle District of Florida. The law is well settled that 28 U.S.C. § 2255 is the proper statute by which to challenge the validity of a conviction and/or sentence imposed by a federal court.[2] Procedural limitations and/or limitation periods imposed by Congress on the filing of § 2255 motions do not constitute

---

[2] The court notes that Petitioner states that despite agreeing to the terms of the waiver clause in his plea agreement wherein he expressly waived the right to appeal his sentence directly or collaterally on the various grounds stated, the sentencing judge informed him that he could appeal an illegal sentence. Although Petitioner claims that his sentence is illegal and that is the argument he presents in the instant petition, he fails to state why he did not take advantage of the sentencing court's admonition that he could directly appeal an allegedly illegal sentence.

3

exceptional circumstances for purposes of sanctioning use of the All Writs Act to grant Petitioner's desired relief. Allowing Petitioner to proceed in this matter would expand the use of § 1651 in order to avoid the specific statutory requirements of § 2255 that would otherwise govern his claims regarding the constitutionality of his federal conviction and sentence.[3]

In sum, where 28 U.S.C. § 2255 already provides Petitioner the means by which to challenge the constitutionality of his federal sentence, it is that statute, and not the All Writs Act, which provides the authority for reviewing Petitioner's alleged unconstitutional federal conviction and sentence. Petitioner sets forth no exceptional circumstances, and the undersigned finds none, which would merit the use of extraordinary authority under the provisions of the All Writs Act. *See Pennsylvania Bureau of Corrections*, 474 U.S. at 43. Accordingly, because Petitioner cannot circumvent the rules governing § 2255 motions by filing a request for relief under the provisions of 28 U.S.C. § 1651, this instant action is due to be denied and dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

---

[3] The court takes judicial notice of court records which show that Petitioner did, in fact, previously file a § 2255 motion in the trial court on January 5, 2006 challenging his January 27, 2005 judgment. *See Hernandez v. United States*, 6:06-CV-11-GKS-DAB (M.D. Fla. 2006), *available at* https://ecf.flmd.uscourts.gov. He presented two claims for relief. Namely, that he received ineffective assistance of counsel and that his sentence exceeded the range noted in the trial court's "statement of reasons." *Id.* The trial court denied the motion and noted in a footnote that Petitioner's challenge to his sentence lacked merit because he was sentenced to the minimum mandatory term of imprisonment of five years. *Id.*

4

application for habeas corpus relief filed by Petitioner pursuant to the provisions of 28 U.S.C. § 1651 be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 16, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

5

Done, this 4th day of April 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE